IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOHN B. YANCEY,                                                                                   PLAINTIFF
ADC #95844

v.                                          2:24-cv-00114-BSM-JJV

DEXTER PAYNE,
Director, ADC; *et al.*                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.     INTRODUCTION

John B. Yancey ("Plaintiff"), who is a prisoner in the Arkansas Division of Correction, has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But

"labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

## II.   DISCUSSION

Plaintiff says on April 17, 2024, he was attacked by inmate Taco who hit him "in the head with a broomstick" over a dispute about an Islamic prayer rug. (Doc. 2 at 5.) The following day, on April 18, 2024, Plaintiff reported to Defendants Captain Munn and Major Allison he thought he was in danger because, before entering the dining hall, he noticed some of the lights were off and heard "voices" say he was the prisoner "who put his hands on Taco." (*Id*.) Plaintiff says Major Allison acted disinterested and Captain Munn demanded that he write a statement identifying these potential assailants. (*Id.* at 6.) Eventually, Plaintiff was "taken to [the] infirmary for pre-lockup then taken to the max and placed in restrictive housing." (*Id.*)

The following week, Plaintiff was notified he had been issued a disciplinary charge for - what he feels was - seeking protective custody. Plaintiff then says, on April 25, 2022,[1] Sergeant Matthews "falsified documents and statement[s]" and "created a fake facebook page. . . in retaliation for [Plaintiff] telling his mother what was going on. The naming of officers involved and so forth." (*Id.* at 6-7.) Plaintiff says, "Then Warden Lay called me to his office, because my mother emailed him, concerned for my safety. . . to ask me what took place and asked me what happened to the inmate who attacked and assaulted [Plaintiff]." (*Id.* at 7.) Plaintiff finishes his allegations by saying that he was the one who suffered "more so [by receiving] disciplinary actions, lost class, visits, phone privileges (based on lies fabricated to retaliate against [him], commissary

---

[1] The Court assumes Plaintiff means 2024 but this entire allegation is not clear.

privileges, not to mention deliberate indifference, lack of security, policy and procedural violations and through it." (*Id.*)

As relief, Plaintiff seeks monetary damages, re-calculation of his parole eligibility date, restoration of lost good time credits, and reversal of his disciplinary convictions. After careful consideration, I conclude Plaintiff has failed to plead a plausible claim for relief for the following reasons.

First, supervisors may not be held vicariously liable in a § 1983 action for constitutional violations committed by their subordinates. *Iqbal*, 556 U.S. at 676; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has named Director Payne and Deputy Warden Johnson as Defendants. But he has not provided any facts suggesting they were personally involved in the allege violation of his constitutional rights. Thus, Plaintiff has not pled any plausible § 1983 claims against Defendants Payne and Johnson.

Second, to plead a plausible failure to protect claim against the remaining three Defendants, there must be facts suggesting: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, each of the defendants knew of but deliberately disregarded that substantial risk of serious harm. *Hodges v. Dep't of Corr.,* 61 F.4th 588, 592 (8th Cir. 2023); *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020). Plaintiff does not say that, before the April 17, 2024 attack, Defendants Munn and Allison were subjectively aware of a substantial risk that Taco might harm him. *See Patterson v. Kelley,* 902 F.3d 845, 852 (8th Cir. 2018) (no § 1983 liability for a surprise attack); *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020) (to constitute deliberate

indifference "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Blair v. Bowersox*, 929 F.3d 981, 988–89 (8th Cir. 2019) ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment"). And Plaintiff says, after the April 18, 2024, incident in the dining hall, Defendants had him write a statement documenting the threat and placed him in restrictive housing and/or isolation. This is not deliberate indifference. *Patterson*, 902 F.3d at 851 (Eighth Amendment only requires prison officials to take "reasonable measures to guarantee inmate safety"); *Blair v. Bowersox*, 929 F.3d 981, 988 (8th Cir. 2019) ("prison official does not necessarily act with deliberate indifference by failing to place an inmate 'in protective custody based on his general fear for his safety'") (quoting *Robinson v. Cavanaugh*, 20 F.3d 892, 895 (8th Cir. 1994)). Importantly, Plaintiff does not say that, thereafter, he was harmed by other prisoners or housed with those who threatened to harm him. Thus, I conclude Plaintiff has not pled a plausible failure to protect claim.

Third, Plaintiff says that, after the April 18, 2024 incident, Defendants Matthews, Munn, and Allison issued false disciplinary charges against him that resulted in: (1) a class reduction; (2) the temporary suspension of phone, visitation, and commissary privileges; and (3) the loss of good time credits.[2] Prisoners have a Fourteenth Amendment right to receive due process during prison

---

[2] Plaintiff does not say he was confined in punitive isolation as result of his disciplinary convictions. But even if he was, the Eighth Circuit has held a prisoner does not have a liberty interest in avoiding temporary placement there. *See Smith v. McKinney,* 954 F.3d 1075, 1082 (8th Cir. 2020) (the Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship"); *Ballinger v. Cedar Cnty, Mo.,* 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction).

4

disciplinary proceedings only if they implicated a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Spann v. Lombardi*, 65 F.4th 987 (8th Cir. 2023). Plaintiff did not have a liberty interest in maintaining his classification level or privileges. *Smith v. McKinney,* 954 F.3d 1075, 1082 (8th Cir. 2020); *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011). The law is unclear as to whether Plaintiff had a liberty interest in maintaining his earned good time credits.[3] But even assuming he did, the proper vehicle for restoring his lost good time credits is a federal habeas action, after exhausting all available remedies in state court, and not a § 1983 civil rights action. *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004); *Portley-El*, 288 F.3d 1063, 1066 (8th Cir. 2002). And that holding applies when a prisoner seeks damages in lieu of or in addition to the restoration of good time credits. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997). Thus, I find no plausible due process claim.

Fourth and finally, Plaintiff says Defendants Munn, Allison, and Matthews issued false disciplinary charges to retaliate against him for seeking protective custody and reporting their misconduct. An inmate has a viable § 1983 claim when prison officials file a disciplinary charge in retaliation for the inmate's exercise of his constitutional rights, such as reporting improper conduct. *See Spann v. Lombardi,* 65 F.4th 987 (8th Cir. 2023); *Sanders v. Hobbs,* 773 F.3d 186, 190 (8th Cir. 2014). But a disciplinary conviction cannot be deemed retaliatory if it was issued for an actual violation of prison rules. *Id.*; *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008).

---

[3] The Due Process Clause itself does not create a liberty interest in credit for good behavior. *Sandin v. Conner*, 515 U.S. 472, 477 (1995). A state statute may create a federally protected right, or "liberty interest," in earning and maintaining good time credits if it uses mandatory language. *See Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974); *Sandin*, 515 U.S. at 477-79. The Arkansas Supreme Court has held the Arkansas statutes do not create such a federally protected right. *Crawford v. Cashion*, 361 S.W.3d 268, 273 (Ark. 2010); *McKinnon v. Norris*, 31 S.W.3d 725, 729-730 (Ark. 2006). But, federal courts, which have the final say in interpreting the Constitution, have not yet ruled on the matter. *See Baker v. Carr*, 369 U.S. 186, 211 (1962).

Stated differently, a retaliatory discipline claim fails, as a matter of law, if there is "some evidence the inmate actually committed a rule violation." *Id*. Importantly, a "report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Id.* And this rule applies even if the report is written by the correctional officer who is alleged to have engaged in the retaliatory conduct. *Id.*; *see also Bandy-Bey v. Crist*, 578 F.3d 763, 765-66 (8th Cir. 2009). Here, Plaintiff's own statements reveal he must have gone through disciplinary proceedings where he was found guilty and punished. A disciplinary decision made by an impartial decision maker and supported by some evidence "essentially checkmates" a retaliation claim.[4] *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994); *see also Sanders*, 773 F.3d at 190. Because Plaintiff does not allege his disciplinary hearing officers were impartial or had a motive to retaliate against him, he has failed to plead a plausible retaliatory discipline claim.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend that, in the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not

---

[4] The reasoning is if an impartial hearing officer has already found the disciplinary charges were issued for an actual rule violation, rather than falsely for retaliatory reasons, then there is no need for a federal court to reconsider that finding.

be taken in good faith.

    DATED this 20th day of June 2024.

                                                               _____
                                                               JOE J. VOLPE
                                                               UNITED STATES MAGISTRATE JUDGE